(February 19, 1913.)

JAMES GUNN, Respondent, v. PERSEVERANCE MINING & MILLING COMPANY, a Corporation, Appellant.

[130 Pac. 458.]

ACCOUNT—SETTLEMENT OF—ACCOUNT STATED—VERDICT—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.

1. Evidence *held* sufficient to sustain the verdict.
2. *Held,* that the evidence does not show an account stated.
3. *Held,* that the court did not err in giving instructions.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Edward A. Walters, Judge.

Action to recover for services performed. Judgment for plaintiff. *Affirmed.*

Wyman & Wyman, for Appellant.

We do not contend that under the law as interpreted by the weight of judicial authority, an accord becomes a bar prior to performance or "satisfaction," but that under the facts of this case, the settlement became an "account stated," or an "account rendered" or "settled," and no fraud or mistake being alleged in the complaint or shown by the evidence, that the plaintiff is bound thereby. (*Hendy v. March,* 75 Cal. 566, 17 Pac. 702; *Coffee v. Williams,* 103 Cal. 556, 37 Pac. 504; *Mayberry v. Cook,* 121 Cal. 588, 54 Pac. 95.)

The mode of arriving at a settlement in this case, which is probably the method of settling the vast majority of accounts, especially in this western country, made it no less an "account stated," and the plaintiff should be estopped from denying the same. (*Hale v. Hale,* 14 S. D. 644, 86 N. W. 650.)

A. L. Fletcher and Johnson & Haddock, for Respondent.

Where there is sufficient evidence to form a legitimate basis for a finding by the jury of the existence or nonexistence of a stated account, the verdict will not be disturbed. (*Warder etc. Co. v. Angell,* 99 Wis. 298, 74 N. W. 789.)

Running through all the definitions of accounts and accounting (1 Cyc. 362–364) is the doctrine that there must be a list or catalogue, an actual exhibit of charges and credits, something for the inspection and examination of the parties, to facilitate the determination of the balance due by simple calculation.

In the case at bar the defendant pleaded an accord but failed to plead or prove satisfaction. (1 Cyc. 307; 1 Cent. Dig., tit. "Accord and Satisfaction," par. 123.)

An accord, to be good, must be in full satisfaction, and must be executed. A promise to execute or to perform at a future-time would not support the plea of accord and satisfaction. (*Bankers' Union v. Favalora,* 73 Neb. 427, 102 N. W. 1013; *Arnett v. Smith* (1912), 11 N. D. 55, 88 N. W. 1037; *Carpenter v. Chicago Ry.,* 7 S. D. 584, 64 N. W. 1120; *Howard v. Norton-Morgan Commercial Co.,* 11 Ariz. 158, 89 Pac. 541.)

SULLIVAN, J.—This action was brought to recover from the defendant, the Perseverance Mining & Milling Co., the sum of $1,770, with interest thereon and an attorney's fee of $200, for services alleged to have been rendered by the plaintiff for the defendant corporation.

The appellant corporation answered, denying many of the allegations of the complaint, and averred as a further defense that there was an accounting between the plaintiff and defendant, and there was found to be due to the defendant a balance of $500, and that said settlement was evidenced by the following writing:

"Flint, Idaho, March 11, 1911.

"On final settlement of all accounts to date between James Gunn and the Perseverance Mining & Milling Co. It is hereto understood and agreed that the full amount due James Gunn from the Perseverance Mining & Milling Company is Five Hundred Dollars ($500.00).

"JAMES GUNN.

"Witness:

"H. H. BONNELL."

The appellant tendered on the trial said sum of $500.

The cause was tried by the court with a jury and the jury rendered a verdict of $1,125, with interest thereon in favor of the plaintiff, and judgment was entered on said verdict. The appeal is from the judgment.

The appellant assigns several errors, which are to the effect that the court erred in entering judgment; that the verdict is against law; that the jury disregarded certain instructions given by the court; that the court erred in giving certain instructions; that the evidence shows that there was an account stated; that the amount due plaintiff from the defendant was the sum of $500 and no more.

The alleged settlement represented by said writing above quoted was the principal defense made by the appellant. The appellant sought to show that at the termination of the employment of plaintiff, Bonnell, the president and general manager of the appellant company, had an accounting and went over the items of debits and credits and ascertained a balance

and agreed upon the specific sum of $500 due the plaintiff and that such settlement was conclusive. The respondent's theory was and is that there was at no time any accounting nor any consideration or settlement of mutual accounts, that no balance was ascertained or agreed upon, and that the instrument relied upon was simply an offer on the part of the plaintiff to accept $500 in settlement of a claim which the jury found was $1,125, and that such offer to accept less than the amount due was without consideration, and the same never having been paid or accepted, was not binding upon the plaintiff. Bonnell testified that when the settlement was made and said writing signed they did not go into any detail, "sort of jumped at it—lumped it off." The evidence clearly shows that they did not figure over any accounts at all when said alleged settlement was made, but that respondent was disgusted and agreed to whatever Bonnell suggested. There was a sharp conflict in the evidence on practically every proposition involved—in the employment, the performance of service, the value thereof, the alleged settlement—and in all of those controverted questions the jury found in favor of the plaintiff. In said writing there is no promise on the part of the appellant to pay the $500 mentioned therein.

On a review of all of the evidence, we are satisfied there is substantial evidence to support the verdict of the jury. It is clear from all of the evidence that there was no account stated between the parties.

The instructions sufficiently cover the case.

We find no reversible error in the record. The judgment is therefore *affirmed.* Costs awarded in favor of respondent.

Ailshie, C. J., and Stewart, J., concur.